Appendix A
United States Courts Southern
District of Texas
FILED

*7/20/2021*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
____HOUSTON____ DIVISION

Tamara M. Owens §
 §
versus §  CIVIL ACTION NO. _____
 §
Northland Management Corp §
2150 Washington Street §
Newton, MA 02462 §

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is: Tamara M. Owens

    Address: 407 Sunwood Glenn Ln

    Katy, TX 77494

    County of Residence: FORT BEND

3. The defendant is: Northland Management Corp

    Address: 2150 Washington Street

    Newton, MA 02462

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. The plaintiff has attached to this complaint a copy of the charges filed on 7/19/2021 with the Equal Opportunity Commission.

5. On the date of April 30, 2021, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

   (a) ☒ race

   (b) ☐ color

   (c) ☐ sex

   (d) ☐ religion

   (e) ☐ national orgin,

   the defendant has:

   (a) ☐ failed to employ the plaintiff

   (b) ☐ terminated the plaintiff's employment

   (c) ☐ failed to promote the plaintiff

   (d) ☒ other: Retaliation - I was retaliated after I filed a complaint of discrimination

7. When and how the defendant has discriminated against the plaintiff:

   In October 2020, I was part of a four person group who filed individual complaints against discrimination.

8. The plaintiff requests that the defendant be ordered:

   (a) ☐ to stop discriminating against the plaintiff

   (b) ☐ to employ the plaintiff

   (c) ☐ to re-employ the plaintiff

   (d) ☐ to promote the plaintiff

(e) ☐ to _____

_____

_____ and that;

(f) ☒ the Court grant other relief, including injunctions, damages, costs and attorney's fees.

_____
(Signature of Plaintiff)

Address: 407 Sunwood Glenn Ln

Katy, TX 77494

Telephone: 414-334-3030

Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
__HOUSTON__ DIVISION

| | | |
|---|---|---|
| Tamara M. Owens | § | |
| | § | |
| versus | § | CIVIL ACTION NO. _____ |
| | § | |
| Northland Management Corp | § | |
| 2150 Washington Street | § | |
| Newton, MA 02462 | § | |

ORIGINAL COMPLAINT

Please see attached

## Original Complaint:

Late in October 2020, I filed a complaint using Northland's internal complaint process for discrimination. This complaint was specifically filed against Adam Stroop.
Mr. Stroop made comments and acted in a way I believed to be discriminatory against members of my team. An investigation was launched, and it resulted in his termination. For objective reasons, Mr. Stroop was terminated for his lack of leadership.

On November 30th, 2020, I began to understand Ms. Johnson's role as Mr. Stroop's mentor. Upon my return from COVID leave, I sat down with Ms. Shelley Johnson to obtain an update while I was out. We discussed my feelings in relation to the complaint which was filed with the company.
I expressed to her my concern for my staff who also filed. I shared that I felt a connection with these individuals because I saw their pain at experiencing discrimination.

After this conversation, everything began to change with Ms. Johnson. Her attitude and behavior were different with me and those who filed a complaint. I was called a liar publicly in front of my entire team. I was told that my grammar and English was poor in person and via email. I was told that I lacked leadership skills. I was told that my inability to communicate was a deficit to my team.
I was told that I could not have "secret conversations" with any of the staff who filed a complaint.
I was told that a maintenance supervisor was to be present for all of our conversations.
This all occurred **AFTER** my conversation with Ms. Johnson on November 30th.

On December 5, 2020, Ms. Johnson and I had an additional conversation in which she was honest with me that I raised a "red flag" with her by sharing that I felt a connection with the staff who also filed a complaint. She felt that I was being partial to these particular staff, who were all men of color. She expressed that she had shared her concern with HR and corporate staff.

Around December 8th, I was given a surprise audit. I had never been through an audit with Northland before. The matrix were never shared. An audit at my property had not occurred in at least a year. I have been through audits at other properties and understood the importance of them.
When it was disclosed to me that the property would be participating in an audit, I was clear that we would not pass. The property had not been following basic property management tenets. The property was not ready. I communicated this to Ms. Johnson directly.

In mid-December, the results of the audit were shared with me. I discussed with Ms. Johnson how I correct the deficiencies and move the property forward. She appeared to agree with the plan. Things were still rocky between us but we appeared to be working through it. It was a surprise when I received a corrective action on December 30th. The corrective action was based on audit results that had previously been discussed and resolved. It felt as though there was nothing I could do correctly. It became an environment where it was very difficult place to work. It was hostile, stressful, and toxic.

I reached out to HR and Jay Babbitt, Director of Human Resources to discuss the corrective action. My concern as I had previously discussed with him and the investigator was that it appeared that Ms. Johnson had an agenda for me and the individuals who filed a complaint. I asked Mr. Babbitt if it was company policy to give a corrective action plan to an employee who had only been with the company for six months. I was advised that there are different methods but that this was a possibility. I expressed to Mr. Babbitt that I felt Ms. Johnson was retaliating against me with the
intention to terminate my employment.

I was also told by Ms. Johnson that I needed to issue out a corrective action against Nathan Orozco and Roger Moore under the guise of work not getting completed as expected. I expressed to Mr. Babbitt, that I did not feel comfortable with doing this as these two individuals work extremely hard under the conditions they were in. I did not write a corrective action against them.

On January 29th, 2021, Ms. Johnson was able to terminate my employment. I was told that my performance had not improved, and this was the result.

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Tamara M. Owens<br>407 Sunwood Glenn Lane<br>Katy, TX 77494 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2021-00729 | Hector Colon-Padro, Investigator | (210) 640-7546 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____     4/30/2021
Travis G. Hicks, Director                                   (Date Issued)

Enclosures(s)

cc:  NORTHLAND MANAGEMENT CORP                NORTHLAND MANAGEMENT CORP
     Jay Babbitt                                                       c/o Natalie Groot
     Human Resources Director                              MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
     4701 Staggerbrush Rd                                     POPEO, P.C.
     Austin, TX 78749                                              One Financial Center
                                                                            Boston, MA 02111

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**451-2021-00729** |
|---|---|---|
| | **TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** *State or local Agency, if any* | and EEOC |

| Name (indicate Mr., Ms., Mrs.)<br>**MS. TAMARA M OWENS** | Home Phone<br>**(414) 334-3030** | Year of Birth<br>**1975** |
|---|---|---|
| Street Address<br>**407 SUNWOOD GLENN LANE,** | City, State and ZIP Code<br>**KATY, TX 77494** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**NORTHLAND MANAGEMENT CORP** | No. Employees, Members<br>**501+** | Phone No. |
|---|---|---|
| Street Address<br>**4701 STAGGERBRUSH RD,** | City, State and ZIP Code<br>**AUSTIN, TX 78749** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest **01-29-2021** Latest **01-29-2021**<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**On or about June 22, 2020, I was hired as a Community Manager by Adam Stroop and Shelly Johnson (both White), Regional Property Managers. In late October and early November, 2020, Roger Moore, Nathan Orozco, James Allen and myself filed complaints with Human Resources for comments and actions Mr. Stroop made against employees of the Race - Black/African-American and Black/Hispanic-American. On November 19, 2020, the Respondent terminated Mr. Stroop's employment for bad leadership. However, in December 2020, I reported retaliation to Mr. Jay Babbitt, Human Resources, because Ms. Johnson wrote me up after I failed an unannounced audit. Mr. Babbitt's response to my complaint was to make sure I was doing what I needed to do to avoid being terminated. On January 29, 2021, I was terminated by Ms. Johnson and Mr. Babbitt for performance. However, I believe I was retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Tamara Owens on 03-16-2021 12:13 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons                                                                                           Appendix E

# UNITED STATES DISTRICT COURT
for the

_Southern_ District of _Texas_

Tamara M. Owens
  *Plaintiff*
  v.                                                                  )  Civil Action No.
Northland Management Corp
  *Defendant*

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   Northland Management Corp
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 7/16/2021

*Signature of the attorney or unrepresented party*

Tamara M. Owens
*Printed name*

407 Sunwood Glenn Ln, Katy, TX 77494
*Address*

tamara.owens6@gmail.com
*E-mail address*

414-334-3030
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons                                                                                    Appendix F

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| Tamara M. Owens <br> *Plaintiff* <br> v. <br> Northland Management Corp <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Northland Management Corp
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*
Tamara M. Owens

_____
*Printed name of party waiving service of summons*                                     *Printed name*

407 Sunwood Glenn Ln, Katy, TX 77494
*Address*

tamara.owens6@gmail.com
*E-mail address*

414-334-3030
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.